IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEVELT BURNSIDE,

    Plaintiff,

v.                                                                                                       No. 2:23-cv-00792-DLM

LOWE'S MARKETPLACE and
RAYMOND PENA,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE AND ORDER TO CURE DEFICIENCY

**THIS MATTER** is before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 14, 2023 (Doc. 1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 15, 2023 (Doc. 2).

**I.**    **Order to Show Cause**

Defendant, who is African American, alleges that when he visited Defendant Lowe's store, Defendant Pena, who is a Lowe's employee, followed Plaintiff around the store and "physically block[ed Plaintiff] from re-entering the store by pushing [him] backwards . . . ." (Doc. 1 at 2, 8.) Plaintiff further alleges that Defendant Pena said, "your black ass will never come in my store again you hear me you black bastard." (*Id.* at 9.) Plaintiff alleges that Defendant Pena punched him in the face three to five times and then called the police. (*See id.* at 2, 9.) Plaintiff states Defendant Pena "caused police officers to arrive at LOWES to contact the plaintiff, with the intent to infringe on plaintiff's rights under the NEW MEXICO and the United States Constitutions [and] unlawfully discriminate against plaintiff." (*Id.* at 10.) Plaintiff asserts claims for battery, public affray, negligent supervision or retention, and discrimination. (*See id.* at 7, 10, 14.)

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because there are no factual allegations showing that that Defendants are state actors.

The Complaint fails to state a claim for violations of civil rights secured by the United States Constitution or other federal law because Plaintiff does not identify which provisions of the United States Constitution or other federal law that Plaintiff believes Defendants violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and other federal law. If Plaintiff asserts the Court should not dismiss Plaintiff's claims, Plaintiff must file an amended complaint. The amended complaint must identify the federal law under which Plaintiff is asserting claims and allege facts supporting those claims. *See Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

II. **Order to Cure Deficiency**

Plaintiff did not sign his Application to proceed without prepaying fees. Rule 11 requires

that all filed documents must be signed and that the "court must strike an unsigned paper unless the omission is promptly corrected after being called to . . . party's attention." Fed. R. Civ. P. 11(a). The Court orders Plaintiff to sign his Application within 21 days of entry of this Order.

### III.  Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

### IV.  Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order, sign his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 15, 2023. Failure to timely sign the Application may result in the Court striking the Application.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE